Hanson Joseph BOYKINS,
Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana
State Penitentiary, et al.,
Defendants-Appellees.

No. 83–3021
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1983.

Ralph Capitelli, Asst. Federal Public Defender, New Orleans, La., for petitioner-appellant.

James L. Alcock, Asst. Dist. Atty., 32nd Jud. Dist., Houma, La., for defendants-appellees.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

GEE, Circuit Judge:

Appellant, convicted of aggravated rape, complains to us of the denial of his claim for relief pursuant to 28 U.S.C. § 2254. His sole point is that due process and equal protection were denied him because members of his race were systematically excluded from the Terrebonne Parish grand juries during the time period in which he was indicted. The only relevant evidence is a stipulation.

This shows for the seven-year period selected by him for analysis—the years 1970 through August 1977—the following: that in 1970 the black population (his ethnic group) in the parish was 13.94 percent; in 1980, 13.91 percent. The average percentage is, of course, 13.925. No corresponding percentage figures for whites are given, however we derive one of 83 percent from actual population figures included. During this period the total number of persons on the grand jury venire was 670, of whom 79 were black; that of persons who actually served as jurors was 192, of whom 17 were black.

Employing the statistical analysis approved by the Supreme Court in *Castaneda v. Partida*, 430 U.S. 482, 496 n. 17, 97 S.Ct. 1272, 1281 n. 17, 51 L.Ed.2d 498 (1977), we calculate standard deviations as follows: $670 \times .13925 \times .83 = 77.4$. The square root of this figure is just under 9. $192 \times .13925 \times .83 = 22.2$. The square root here is just under 5. These figures, 9 and 5, represent the respective standard deviations applicable.

For the venire, the expectable number of black veniremen as a result of perfectly random selection is $670 \times .13925$, or 93. The actual number was 79. The discrepancy is 14, or 1.56 standard deviations.

For actual jurors, the corresponding figure is $192 \times .13925$, or 27. The actual number was 17. The discrepancy is 10, or two standard deviations. As the Supreme Court observed "[I]f the difference between the expected value and the observed number is greater than two or three standard deviations, then the hypothesis that the jury drawing was random would be suspect to a social scientist." *Id.*[1]

Neither of these is, and neither is suspect. This is the only relevant evidence.[2] The judgment of the district court is

AFFIRMED.

1. Puzzled by the failure of the two percentages to add to 100, we have done the calculation using a figure for white population of 86.1 percent. The result is the same.

2. Appellant also complains that none of the grand jury foremen during the period analyzed was black. As a contention for reversal this is futile, since it was not made below. As evidence of discrimination in constituting the racial composition of the grand jury, it is irrelevant.